UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATSY AMBROSE, ET AL.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO.  20-1011** |
| **STATE FARM MUTUAL AUTOMOBILE<br> INSURANCE COMPANY,**<br>    Defendant | **SECTION: "E"** |

**ORDER AND REASONS**

Before the Court are Plaintiffs' Motion in Limine regarding expert testimony on minimal impact or minimal property damage[1] and Plaintiffs' Motion in Limine to exclude Everett Robert and Ronnie Ducote as expert witnesses.[2]

**BACKGROUND**

This bad faith insurance matter arises from an alleged hit-and-run collision that occurred on January 25, 2019. Plaintiffs Patsy and Ted Ambrose were driving on Treasure Street in Orleans Parish, Louisiana when an unknown driver struck their vehicle at the intersection with Saint Anthony Avenue.[3] Plaintiffs allege, after suffering severe and disabling injuries, they submitted adequate proof of loss to Defendant State Farm Mutual Automobile Insurance Company ("State Farm") but State Farm failed to timely pay.[4]

On February 10, 2020, Plaintiffs filed suit in the Civil District Court for the Parish of Orleans, Louisiana.[5] On March 25, 2020, Defendant removed the action to this Court.[6]

---

[1] R. Doc. 41. Defendant opposes the motion. R. Doc. 46.
[2] R. Doc. 42. Defendant opposes the motion. R. Doc. 48.
[3] R. Doc. 1-2 at ¶¶ II-III.
[4] *Id*. at ¶¶ VIII-X.
[5] R. Doc. 1-2.
[6] R. Doc. 1.

1

## **STANDARD**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.[7]

The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[8] provides the analytical framework for determining whether expert testimony is admissible under Rule 702.

Under *Daubert*, courts, as "gatekeepers," are tasked with making a preliminary assessment of whether expert testimony is both relevant and reliable.[9] The party offering the expert opinion must show by a preponderance of the evidence that the expert's testimony is reliable and relevant.[10]

The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[11] In *Daubert*, the Supreme Court enumerated several non-exclusive factors that courts may consider in evaluating the reliability of expert testimony.[12] "These factors are (1) whether the expert's theory can or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied,

---

[7] FED. R. EVID. 702.
[8] 509 U.S. 579 (1993).
[9] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert*, 509 U.S. at 592–93).
[10] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).
[11] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). *See also Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584–85 (5th Cir. 2003).
[12] *Daubert*, 509 U.S. at 592–96.

(4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community."[13]

The Supreme Court has cautioned the reliability analysis must remain flexible: the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."[14] Thus, "not every *Daubert* factor will be applicable in every situation . . . and a court has discretion to consider other factors it deems relevant."[15] The district court is offered broad latitude in making expert testimony determinations.[16]

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility and should be left for the finder of fact.[17] "Unless wholly unreliable, the data on which the expert relies goes to the weight and not the admissibility of the expert opinion."[18] Thus, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[19] The Court is not concerned with whether the opinion is correct but whether the preponderance of the evidence establishes that the opinion is reliable.[20] "It is the role of the adversarial system, not the court, to highlight weak evidence."[21]

---

[13] *Bocanegra*, 320 F.3d at 584–85 (citing *Daubert*, 509 U.S. at 593–94).
[14] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).
[15] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 326 (5th Cir. 2004).
[16] *See, e.g., Kumho Tire*, 526 U.S. at 151–53.
[17] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[18] *Rosiere v. Wood Towing, LLC*, No. 07-1265, 2009 WL 982659, at *1 (E.D. La. Apr. 8, 2009) (citing *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (emphasis added); *Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2011 WL 1673805, at *6 (E.D. Pa. May 4, 2011).
[19] *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted).
[20] *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).
[21] *Primrose*, 382 F.3d at 562.

## LAW AND ANALYSIS

### I. Minimal Impact

Plaintiffs move to prevent "Defendant[], Defendant['s] counsel, and Defendant['s] witnesses" from mentioning, referring to, interrogating, or in any way attempting to convey "arguments with respect to the low impact or minimal property damage of the collision."[22]

With respect to the expert witness, Dr. Everett Robert, Plaintiffs argue he did not include any opinion on low impact or minimal property damage in his expert reports.[23] Plaintiffs further argue he is not qualified as an expert in the area of accident reconstruction or related fields.[24] Plaintiffs represent they were put "on alert" that Dr. Robert might testify on these topics after a telephone conversation in which "Defense counsel mentioned to [Plaintiffs'] counsel that [Defendant] intends to argue that the Plaintiffs could not have been injured due to minimal impact. . ."[25] In its opposition, Defendant admits Dr. Robert's expert reports do not include any references to low impact of the collision or minimal property damage. Defendant states, "State Farm has never listed or represented that State Farm will call Dr. Robert as an expert in biomechanics and accident reconstruction. . ."[26]

Defendant does not object to the motion in limine insofar as it relates to the testimony of Dr. Robert. Dr. Robert will not be allowed to present any opinions or testimony with respect to a possible correlation between low impact of the collision or minimal property damage and the injuries suffered by Plaintiffs.

---

[22] R. Doc. 41-1 at 2, 5.
[23] *Id.* at 2.
[24] *Id.*
[25] R. Doc. 41-1 at 2.
[26] R. Doc. 46 at 3.

Defendant objects to the limitation of testimony by State Farm's repair estimator, Bill Werner. A lay witness may provide opinion testimony only if the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[27] In *Merrells v. State Farm Mut. Auto. Ins. Co.*, the Louisiana Second Circuit Court of Appeal upheld a trial court's decision to allow a property damage estimator to testify regarding the "force of impact" and "the damage to the bumper" of a vehicle in the underlying car accident.[28] That court noted the estimators "job entailed the examination, inspection and assessment of needed repairs for wrecked vehicles" and found "his conclusion regarding the force of impact [was] rationally related to his personal viewing of the bumper and knowledge concerning the bumper's normal response at impact."[29] Because the "minimal impact of an automobile accident is a factor, albeit not a determinative one, which may be considered by the jury,"[30] Werner may testify with respect to the force of impact and the extent of damage to the vehicle based on his personal observations of the damaged vehicle. He will not be permitted, however, to testify on any correlation between the low impact of the collision or amount of property damage and the extent of Plaintiffs' injuries.

## II. Expert witnesses

Plaintiffs move to preclude Defendant's expert witnesses, Dr. Everett Robert and Ronnie Ducote, from testifying because a compensation statement was not submitted for

---

[27] FED. R. EVID. 701
[28] *Merrells v. State Farm Mut. Auto. Ins. Co.*, 764 So.2d 1182, 1184 (La. App. 2 Cir. June 21, 2000).
[29] *Id.*
[30] *Fortier v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 99-2136, 2000 WL 1059772 at *1 (E.D. La. July 31, 2000) (citing *Simon v. United States*, 51 F.Supp.2d 739 (W.D. La. Mar. 8, 1999).

5

either expert witness.[31] Rule 26(a)(2)(B)(vi) requires expert reports to contain "a statement of the compensation to be paid for the study and testimony in the case."[32] Plaintiffs argue this failure "can result in mandatory and automatic exclusion pursuant to Rule 37(c)(1)."[33] Rule 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is *harmless*.[34]

Plaintiffs do not show how this omission harms or prejudices their case. In its opposition, Defendant argues the omission is harmless.[35] Plaintiffs did not seek leave to file a reply in support of their motion so that they might identify any harm they have suffered.

In determining whether a violation of Rule 26 is harmless or substantially justified, a court considers: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[36] Plaintiffs do not argue any of these factors supports a ruling in their favor. Defendants state, "the error has been cured as the compensation statements of Dr. Everett Robert and Ronnie Ducote have since been provided to plaintiff's counsel."[37] The failure to provide compensation statements in this matter does not warrant exclusion of these witnesses.

The Court finds Plaintiffs have not been harmed or otherwise prejudiced by the expert witnesses' failure to include compensation statements at the time Defendant produced the reports. The deficiency has now been cured. The Court is not prepared to

---

[31] R. Doc. 42-1 at 2.
[32] Fed. R. Civ. P. 26(a)(2)(B)(vi).
[33] *Id.*
[34] Fed. R. Civ. P. 37(c)(1) (emphasis added).
[35] R. Doc. 48 at 2.
[36] *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).
[37] R. Doc. 48 at 2.

take the extreme measure of excluding Defendant's independent medical examiner (Dr. Robert) and life care planning expert (Mr. Ducote) on this ground.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion in Limine Regarding Expert Testimony as to Minimal Impact or Minimal Property Damage Argument" [38] is **GRANTED IN PART** and **DENIED IN PART**. Dr. Robert will not be allowed to testify on whether there is any possible correlation between low impact of the collision or minimal property damage and the injuries suffered by Plaintiffs. Defendant's estimator Bill Werner may testify on the minimal impact of the collision and the damage to the vehicle, so long as his opinions are rationally related to his observations of the damaged vehicle. He may not testify on any correlation between the low impact of the collision or amount of property damage and the extent of Plaintiffs' injuries.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion in Limine to Exclude Defendant's Experts Everett Robert and Ronnie Ducote"[39] for failure to provide timely compensation statements is **DENIED**.

**New Orleans, Louisiana, this 4th day of June, 2021.**

                                         **SUSIE MORGAN**
                             **UNITED STATES DISTRICT JUDGE**

---

[38] R. Doc. 41.
[39] R. Doc. 42.